IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT HODGES,                         )
                                      )
             Plaintiff,               )      CIVIL ACTION NO. 2:19-cv-1501
      v.                              )
                                      )      JUDGE NORA BARRY FISCHER
U. S. POST OFFICE,                    )
                                      )      *(Electronically Filed)*
             Defendant.               )

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Scott Hodges ("Plaintiff") brings this action against Defendant United States Postal Service ("Postal Service") seeking damages for a package allegedly lost by the Postal Service.  As detailed below, however, Plaintiff's Amended Complaint should be dismissed because: 1) the Postal Service is protected by sovereign immunity, and 2) Plaintiff failed to exhaust his administrative remedies.  Accordingly, the Court should grant Defendant's Motion and dismiss this action with prejudice.

## I.      FACTUAL ALLEGATIONS

According to the allegations in his Amended Complaint,[1] Plaintiff alleges that on or about September 28, 2018, he mailed a package containing "irreplaceable legal and financial records," which detailed "the maintenance, restoration and sale of a collector vehicle."  *See* ECF No. 6, p. 1; *see also* ECF No 1-1.  Plaintiff alleges that the package sent via express mail was never delivered.  *See* ECF No. 6, p. 2.  Further, Plaintiff alleges that the Postal Service did not make an acceptable effort to obtain his lost mail, and that his communications with the Postal Service

---

[1] Plaintiff failed to seek leave of Court or obtain consent from the Postal Service before filing the Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(2).  Notwithstanding his failure to comply with the Federal Rules of Civil Procedure, the Postal Service does not seek to strike Plaintiff's Amended Complaint.

regarding the status of his lost mail was difficult and futile.  *Id*.  Additionally, Plaintiff alleges that the Postal Service's website did not function properly and prevented him from submitting a claim or requesting a refund.  *Id*. at 3.  Lastly, Plaintiff laments that the Postal Service needs more efficiencies in order to process lost mail.  *Id*. at 2.  Specifically, Plaintiff levels a negligence claim against the Postal Service and seeks to recover the alleged loss in value to his collector vehicle, which is not more than Twenty Thousand Dollars ($20,000.00).  *Id*.

## II.      PROCEDURAL HISTORY

On October 25, 2019, Plaintiff initiated this action in the Magisterial District of Washington County, Pennsylvania at Docket No. MJ-27201-cv-0000281-2019, against the Postal Service.  On November 11, 2019, this action was removed to the United States District Court pursuant to 28 U.S.C. §§ 1442 and 1446 because the United States Postal Service is an agency of the United States of America.  *See* ECF No. 1.  On January 7, 2020, Plaintiff filed "Details related to plaintiff's claim," which amounts to an Amended Complaint.  *See* ECF No. 6.

## III.      STANDARDS OF REVIEW

### A.  Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure only if it appears that the plaintiff's claims are implausible and "the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Thus, a plaintiff must set forth facts within the complaint that, if true, suggest plausible grounds for relief.  *Id*. at 556.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  When deciding whether to grant or deny a 12(b)(6) motion, the United States Supreme Court has held that "[w]hile a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555; *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held, "... a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citations omitted).  The Court specifically highlighted the two principles which formed the basis of the *Twombly* decision:  First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678-79.  Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense.  *Id*. at 679.  This means that a complaint must do more than allege the entitlement to relief – its facts must show such an entitlement.  *Id*. (citing Fed. R. Civ. P. 8(a)(2)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  Thus, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed.  *Id*.  Stated simply, the pleading standard under Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Holmes v.*

*Gates*, No. 08-2152, 2010 WL 956412, at \*2 (M.D. Pa. March 11, 2010) (quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555).

### B.   Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the "court's 'very power to hear the case.'"  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists.  *Brown v. Tucci*, C.A. No. 12-1769, 2013 WL 2190145 (W.D. Pa. May 20, 2013) (citing *Development Finance Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995)).  When considering a challenge to a court's jurisdiction under Fed. R. Civ. P. 12(b)(1), a court ordinarily need not limit its inquiry to the facts as pled in the complaint.  *Land v. Dollar*, 330 U.S. 731, 735 (1947).  Rather, "[t]he court may inquire by affidavits or otherwise, into the facts as they exist."  Id. at 735 n.4.  Such inquiry is permissible because a Federal Court must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so.  *See Boyle v. The Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) (citing *Mortensen*, 549 F.2d at 891).

### C.   *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," should be construed liberally and are held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Despite the liberal construction that is afforded to *pro se* complaints, a court need not accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted references.  *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Day v. Federal Bureau of Prisons*, 233 F. App'x

4

132, 133 n. 3 (3d Cir. 2007) (a court "need not ... credit a pro se litigant's 'bald assertions' or 'legal conclusions'.") (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)); *Okpor v. Kennedy Health Sys.*, No. 10B1012, 2010 WL 3522784, at *2 (D.N.J. Sept. 2, 2010). Indeed, "a pro se complaint must still contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). Moreover, regardless of whether they are represented by counsel, all litigants must comply with the applicable Federal Rules. *See Byrne v. Cleveland Clinic*, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010) ("While the Court of Appeals for the Third Circuit traditionally has given pro se litigants 'greater leeway where they have not followed the technical rules of pleading and procedure,' ... all parties must nonetheless follow the Federal Rules of Civil Procedure") (internal citations omitted).

IV.     **ARGUMENT**

   A.  **Plaintiff's Claim Against the Postal Service is a Claim Against the United States**

Plaintiff's claim against the Postal Service is a suit against the government of the United States. *See Allied Coin Inv., Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 984 (D. Minn. 1987) (citing *Anderson v. United States Postal Service*, 761 F.2d 527, 528 (9th Cir. 1985)); *Sportique Fashions, Inc. v. Sullivan*, 597 F.2d 664, 665 (9th Cir. 1979); *see also Craft v. U.S. Post Office*, No. 1:15-CV-104, 2015 WL 4112115, at *1 (D. Vt. July 8, 2015) ("Here, Craft's claims against USPS are deemed to be against the United States."); *Robinson v. U.S. Postal Serv.*, No. 12-CV-5874, 2012 WL 6177948, at *1 (E.D.N.Y. Dec. 11, 2012) ("An action against the USPS is actually an action against the United States.") (citing *Djorjevic v. Postmaster General*, 911 F. Supp. 72, 74 (E.D.N.Y. 1995)).

The United States Supreme Court recently clarified that:

> Under the Postal Reorganization Act, 39 U.S.C. § 101 et seq., the Postal Service is "an independent establishment of the executive branch of the Government of the United States," § 201. Holding a monopoly over carriage of letters, the Postal Service has "significant governmental powers," including the power of eminent domain, the authority to make searches and seizures in the enforcement of laws protecting the mails, the authority to promulgate postal regulations, and, subject to the Secretary of State's supervision, the power to enter international postal agreements. *See   Postal Service v. Flamingo Industries (USA) Ltd.*, 540 U.S. 736, 741, 124 S.Ct. 1321, 158 L.Ed.2d 19 (2004) (discussing 39 U.S.C. §§ 101, 401, 407, 601–606). Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver. *See ibid.; cf. FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit").

*Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006).

Accordingly, although this suit was filed as one against the United States Postal Service, it is a suit against the United States, which requires an applicable waiver of sovereign immunity in order to proceed.  *Id*.  As set forth below, no such waiver of sovereign immunity exists, and this case should be dismissed.

### B.  Plaintiff's Claim is Barred by Sovereign Immunity

It is axiomatic that "[t]he United States as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (United States and its agencies entitled to sovereign immunity from suit); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  As a result of this bedrock principle, "federal courts do not have jurisdiction over suits against the

United States unless Congress, via a statute, expressly and unequivocally waives the United States'
immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000); *see also Edwards v.
U.S. Postal Serv.*, No. 15-CV-818, 2016 WL 5019192, at *1 (S.D. Ill. Feb. 3, 2016) (dismissing
claim for lost package based on lack of jurisdiction).

One area where the United States has waived its sovereign immunity is the Federal Tort
Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680 ("FTCA"). The FTCA is a limited waiver of
sovereign immunity. Specifically, 28 U.S.C. § 1346 confers jurisdiction upon the district courts
over civil actions against the United States for money damages "for injury or loss of property, or
personal injury or death caused by the negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or employment, under circumstances
where the United States, if a private person, would be liable to the claimant in accordance with the
law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA
is a limited waiver, it is "strictly construed in favor of the sovereign." *Lightfoot v. United States*,
564 F.3d 625, 628 (3d Cir. 2009).

Here, Plaintiff's exclusive remedy for the alleged negligence of the Postal Service is an
FTCA action against the United States. As naming the proper party defendant is a jurisdictional
requirement in FTCA cases, Plaintiff's Amended Complaint should be dismissed for failing to
name the United States as a party defendant. *See Denney v. U.S. Postal Service*, 916 F. Supp.
1081, 1083 (D. Kan. Feb. 5, 1996); *see also Martinez v. U. S. Postal Service*, 875 F. Supp. 1067,
1072-73 (D.N.J. 1995).

One express exception to the FTCA's waiver of sovereign immunity is the "postal matter
exception," which preserves the sovereign immunity of the United States against "[a]ny claim
arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C.

§ 2680(b).  As the Supreme Court has noted, Section 2680(b) precludes claims "for injuries arising directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  *Dolan*, 546 U.S. at 489.  Courts routinely dismiss causes of action relating to the loss, damage, delay or theft of items sent through the United States mail.  *See Wheeler v. Ulisny*, 482 F. App'x 665, 668 (3d Cir. 2012) (affirming dismissal of lawsuit by plaintiff who alleged that the Postal Service lost his photographs and autobiography because "once the items were given to the USPS, they became 'postal matter' within the meaning of 2680(b)," and, therefore, the "USPS was immune from suit"); *Hooker v. U.S. Post Office, Overbrook Station*, 255 F. App'x 658, 659-60 (3d Cir. 2007) (2680(b) barred claim where plaintiff alleged that USPS had forwarded his mail to the wrong address); *Pirinski v. Irvington NJ Post Office*, No. 04-1991, 2006 WL 1307668, at *2 (D.N.J. May 10, 2006) (dismissing claim as barred by 2680(b) where plaintiff alleged that USPS delayed delivery of his diabetes and cholesterol medication); *Hudak v. U.S. Postal Service*, No. 94-0007, 1994 WL 45134, at *1 (E.D. Pa. Feb. 15, 1994) (dismissing complaint pursuant to 2680(b) where plaintiff alleged that he had paid for two-day delivery, but USPS took six days to deliver the mail); *Gownaris v. U.S. Postal Service*, No. 87-3403, 1988 WL 61741, at *2 (E.D. Pa. Jun. 10, 1988) (dismissing complaint as barred by 2680(b) where plaintiff alleged that package she mailed containing $3,000 in cash via Express Mail Delivery was lost by USPS); *Maddox v. United States*, No. 10-3457, 2012 WL 1033580, at *3 (D.N.J. Mar. 27, 2012) ("to the extent that Plaintiff seeks to proceed under the theory that his mail was wrongfully delayed, detained or destroyed," the claim was barred by Section 2680(b)); *Aliotta v. United States*, No. 07-108, 2008 WL 2037748, at *5 (W.D. Pa. May 9, 2008) ("[t]o the extent [p]laintiff alleges that his property was lost after it was placed in the mail, such a claim is specifically excepted from the FTCA's limited waiver of sovereign immunity pursuant to 28 U.S.C. § 2680(b)"); *Marine Ins. Co.,*

*Ltd., v. U.S.*, 378 F.2d 812, 814 (1967) (finding that § 2680(b) barred FTCA claim when insured international mail was allegedly stolen by a Customs employee); *Burkhart v. U.S. Postal Service*, No. 13-767, 2013 WL 4521182, at *2 (D. Minn. Aug. 27, 2013) (dismissing a claim against the U.S. Postal Service for alleged theft of a package, under the Section 2680(b) "postal matter exception" to sovereign immunity).

This case falls squarely within the "postal matter" exception to the FTCA.  Plaintiff alleges that a package he mailed through the United States Postal Service was never delivered, and ultimately lost.  *See* ECF No. 6.  Thus, the package mailed became "postal matter" once it was placed in the mail, and because Congress kept the Postal Service protected by Section 2680(b) of the FTCA and the United States has not waived sovereign immunity, Plaintiff's claim is barred and should be dismissed.

### C.  This Court Lacks Subject Matter Jurisdiction Due to Plaintiff's Failure to Exhaust Administrative Remedies

The FTCA specifically requires that a claimant present an administrative tort to the appropriate administrative agency, and that the tort claim must be finally denied by the agency before a civil action may be initiated:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant ***shall have first presented the claim to the appropriate Federal agency and his claims shall have been finally denied by the agency in writing and sent by certified or registered mail.***

28 U.S.C. § 2675(a) (emphasis added).  Similarly, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States ***shall be forever barred*** unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six

months after the date of mailing, by certified or registered mail, of notice
of final denial of the claim by the agency to which it was presented.

This is "the balance struck by Congress in the context of tort claims against the Government," and courts "are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *United States v. Kubrick*, 444 U.S. 111, 117 (1979). The administrative exhaustion requirement is clear and mandatory. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) (explaining that statutory exhaustion requirement "is unambiguous. We are not free to rewrite the statutory text."); *Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory, and the Supreme Court "firmly rejected the 'no harm, no foul' reasoning"); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971) (requiring a claim be submitted to and finally denied by the appropriate federal agency before filing a lawsuit). Because the FTCA represents a conditional limited waiver of sovereign immunity, the requirement of administrative exhaustion is jurisdictional and cannot be waived. *See, e.g.*, *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 95 (3d Cir. 1989); *Bialowas*, 443 F.2d 1047, 1049. Thus, if a plaintiff files suit without first having submitted a timely claim for administrative adjustment, the suit must be dismissed. *McNeil*, 508 U.S. at 112-13.

Further, a plaintiff carries the burden of proof to establish presentment of the claim to the appropriate agency. *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. 2007). In order to meet this burden, a plaintiff must establish through "certificate of mailing, return receipt, registration slip, or [federal agency] acknowledgement to prove [claim] was sent, let alone received." *Dark v. United States*, 1991 WL 147544, at *2-3 (E.D. Pa. July 26, 1991), *aff'd*, 961 F.2d 1566 (3d Cir. 1992). In other words, a plaintiff must show that the agency was given written notice of the claim sufficient to enable the agency to investigate, assess the value of the claim, and

attempt settlement.  *See* 28 C.F.R. § 14.2; *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958-59 (3d Cir. 1982).[2]

      Here, Plaintiff tacitly admits that he presented no administrative tort claim to the USPS. *See* ECF No. 6, p.3.  Further, a search of the "USPS' Customer Inquiry and Claims Response ("CICRS"), which logs all domestic claims filed by customers" reveals that no such claims have been filed by or on behalf of Scott Hodges.  *See* Ex. 1, Declaration of Lesley Hill, ¶¶ 2-3.  His failure to present a claim deprived the United States of notice sufficient to investigate and evaluate his claim.  In addition, his failure deprived the Postal Service of an opportunity to attempt to resolve the claim without court intervention.  In light of Plaintiff's failure to exhaust administrative remedies, he cannot sustain his burden of establishing subject matter jurisdiction under the FTCA. Accordingly, the Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction. *TNS Diamonds v. U.S. Postal Service*, 2005 WL 497831, at *3 (E.D. Pa. Mar. 3, 2005) (granting USPS's Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction because plaintiff, who asserted "that the USPS erred in delivering the two purchases," failed to exhaust his administrative remedies); *Wheeler v. Ulinsy*, No. 11-01868, 2011 WL 13186075, at 82 (E.D. Pa. Sept. 19, 2011), *aff'd sub nom. Wheeler v. Ulisny*, 482 F. App'x 665, 668 (3d Cir. 2012) (affirming USPS's dismissal because the USPS retains sovereign immunity for the loss of plaintiff's legal property); *see also Figueroa v. U.S. Postal Service*, No. 98-1852, 1998 WL 846856, at *3 (7th Cir. Nov. 25, 1998) (affirming dismissal of plaintiff's claims for lack of subject matter jurisdiction because plaintiff "failed to file an administrative claim with the Postal Service").

---

[2] The FTCA is made applicable to the USPS by the Postal Reorganization Act, 39 U.S.C. § 409(c).

## **CONCLUSION**

For all the foregoing reasons, Defendant respectfully requests that the Court enter an Order

granting its Motion to Dismiss.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U. S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7567
PA ID No. 203759

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of January, 2020, a true and correct copy of the within Defendant's Brief in Support of Motion to Dismiss was served via electronic filing and/or by postage paid U.S. Mail, to and upon the following:

Scott Hodges
1013 Maplewood Drive
Canonsburg, PA 15317

*/s/ Kezia Taylor*
KEZIA O. L. TAYLOR
Assistant U. S. Attorney

13