RE:     Scott Hodges v. U.S. Post Office
        Civil action No 19-1501

Response to Defendant's motion to Dismiss

FILED
JAN 22 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Scott Hodges (The Plaintiff) would like to point out several key issues and errors in the defendant's motion to dismiss. The Plaintiff, who is Pro Se, is permitted to dispense with the legal brief writing style in an effort to emphasize the points of the case.

The US Post Office is a pseudo-government agency that operates as a service in competition with several other postal delivery services. The services it provides are separate and divided from other government services. As such, the US Post Office should not be protected from civil suit under the clause of sovereign immunity or any other government-imposed limitation. The US Post Office is run as a business and should be treated as such. Customers of the US Post Office have a choice of services to be used and it is simply not reasonable for a person to assume that the US Post Office operates under different rules than the other package services that it competes with. Furthermore, in marketing US Post Office services, nowhere does it state that the Post Office is "The US Government" as alleged by the Plaintiff. <u>The most significant argument to this point is the US Post Office primary website, which is USPS.COM, not USPS.GOV.</u> All government agencies use .gov domain suffixes to identify them as government agencies. The US Post Office does not. **In short, this argument is invalid because a reasonable person does not discern the services provided by the US Post Office from any other package delivery service and the concept of sovereign immunity is not a factor in deciding which delivery service to use. Furthermore, the US Post Office makes a significant marketing effort to position itself as an independent delivery service rather than as a branch of the Federal government.**

Regarding the improper procedure for submitting complaints, the Plaintiff provided proof in his prior document that he tried several times to contact the Post Office about the lost mail and provided a lost-mail tracking request number and information related to 2 different customer inquiries following up on this lost-mail tracking request number. <u>The defendant, by not being able to find any of the three contact records that the Plaintiff has provided, has essentially demonstrated that the US Post Office lost mail tracking system is woefully inadequate, contributing to the inability of the service to return lost mail.</u>  In addition, the Plaintiff had several phone calls and personal discussions with Post Office employees, and none of them had any suggestions on how to communicate a complaint to the Post Office other than by using the channels that the Plaintiff used. Again, as stated in the initial detail document, after trying several times to contact the appropriate individuals at the US Post Office, Plaintiff saw no other remedy than to file in small claims court. The subsequent and somewhat intimidating tactics used by the defendant's attorney should not prevent the Plaintiff from seeking compensation from the defendant for the damages he incurred by the negligent loss of and subsequent inability to find the materials in question. **In short, Plaintiff tried everything in his power to communicate with the Post Office but the organizational structure, lack of customer support, poor complaint management training of employees and broken customer complaint website (as provided in prior documents) prevented him from doing so. Furthermore, the US Post Office mail tracking system deliberately and systematically deletes all records of lost mail once 6 months have passed.**

Revisiting the defendant's claim that a Post Office employee could not find any records relating to the Plaintiff's lost package search, <u>Plaintiff has already stated that all electronic records relating to the tracking request vanished exactly 6 months to the day after the request was submitted</u>. This alludes to a defensive strategy that is far more premeditated than just negligence. It alludes that US Post Office

management has put into place deliberate policies and processes which are designed to prevent claims like that of the Plaintiff. Plaintiff is not alleging that this is outright fraud, but some might consider it that. The US Attorney's office, normally responsible for policing this type of deceptive practice in a private business, is inadvertently supporting it in the US Post Office. Fortunately, the Plaintiff provided copies of these records.

In closing, the defendant has not provided sufficient argument for the dismissal of this case because all of the arguments and precedents provided are either incorrect (i.e. record of communication and exhaustion of administrative remedies) or invalid (i.e. cited precedents that do not pertain specifically to the US Post Office providing a service for a fee, and instead pertain to the Federal government) as it relates to a small claims case against the US Post for negligence.

Please deny this motion to dismiss.

Thank you for your time and consideration in this matter.