# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT HODGES, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 19-1501 |
| v. | ) Judge Nora Barry Fischer |
| U.S. POST OFFICE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this case, *pro se* Plaintiff Scott Hodges alleges in his Amended Complaint that the "U.S. Post Office" negligently lost important materials related to his 1988 BMW M5s collector car which he had sent through the Postal Service via an express mail package. (Docket No. 6). He claims that the loss of these materials reduced the value of his car by $10,000 to $20,000 and seeks damages "at the lower end of that range." (*Id*.). Presently before the Court is the United States' Motion to Dismiss, (Docket No. 7), its Brief in Support, (Docket No. 8), and Plaintiff's Response thereto, (Docket No. 10). After careful consideration of the parties' positions and for the following reasons, the United States' Motion [7] is granted and Plaintiff's Amended Complaint is dismissed.

Initially, the Court is mindful of its duties to liberally construe *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and to "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, a *pro se* complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state

a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). A complaint may also be dismissed under Rule 12(b)(1) for lack of "subject matter jurisdiction on grounds of sovereign immunity and failure to exhaust administrative remedies." *Wheeler v. Ulinsy*, No. 2:11-CV-01868, 2011 WL 13186045, at *2 (E.D. Pa. Sept. 19, 2011), *aff'd sub nom. Wheeler v. Ulisny*, 482 F. App'x 665 (3d Cir. 2012).

Here, the Court finds that Plaintiff's Amended Complaint must be dismissed for lack of subject matter jurisdiction for several compelling reasons. First, as "an independent establishment of the executive branch of the Government of the United States," 39 U.S.C. § 201, "the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (citation omitted). Second, the postal exception to the Federal Tort Claims Act, ("FTCA"), provides "that the Postal Service retains immunity for 'any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter,'" *Hooker v. U.S. Post Office, Overbrook Station*, 255 F. App'x 658, 659 (3d Cir. 2007) (quoting 28 U.S.C. § 2680(b)), and operates to bar lawsuits akin to the instant matter seeking damages for the Postal Service's loss of items placed in the mail. *See e.g.*, *Elliott v. Point Breeze Station Mail Dept.*, 711 F. App'x 71, 73 (3d Cir. 2017) ("Elliott stated that his complaint was based on a failure to place his mail in the mail box and on late mail delivery, but, as recognized by the District Court, the Postal Service has federal sovereign immunity absent a waiver, and the waiver to immunity under the Federal Tort Claims Act does not apply to such claims,"); *Wheeler v. Ulisny*, 482 F. App'x 665, 668 (3d Cir. 2012) ("USPS was immune from suit because the claim arose out of the alleged loss of postal matter"). Third, "a claimant's failure to present [his] FTCA claim to the appropriate

agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 458 (3d Cir. 2010). Plaintiff has neither alleged that he exhausted his administrative remedies by presenting an administrative tort claim to the Postal Service nor provided any evidence contradicting the declaration of Postal Service Supervisor Lesley Hill stating that no claims have been filed by or on behalf of Plaintiff with that entity. (Docket Nos. 6; 10). Hence, the Court also lacks jurisdiction over Plaintiff's lawsuit due to his failure to exhaust administrative remedies. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009) ("a plaintiff must demonstrate that the Federal agency was in actual receipt of the claim, whether on initial presentment or on a request for reconsideration."). In light of these jurisdictional deficiencies, the Court further holds that leave to amend is futile and will dismiss the matter with prejudice. *See Phillips*, 515 F.3d at 245; *see also Elliott*, 711 F. App'x at 73.

For all of these reasons, Defendant's Motion to Dismiss is GRANTED. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date: January 29, 2020

cc/ecf: All counsel of record

cc: Scott Hodges
     1013 Maplewood Drive
     Canonsburg, PA 15317
     (regular and certified mail)